UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBERSPAECHER NORTH
AMERICA, INC., ET AL,

       Plaintiffs,

vs                                       Case No:  06-15752
                                           Honorable Victoria A. Roberts

VAN-ROB, INC.,

       Defendant.

_____/

## OPINION AND ORDER

### I.    INTRODUCTION

On December 27, 2006, Defendant Van-Rob, Inc. ("Van-Rob") removed this

matter from Oakland County Circuit Court.  On January 4, 2007, the Court entered an

Order for Defendant to show cause why the case should not be remanded to state court

for lack of diversity jurisdiction.  For the reasons stated below, the Court finds that

diversity jurisdiction exists and, therefore, the matter was properly removed from state

court.

### II.    BACKGROUND

Plaintiffs Eberspaecher North America, Inc. ("ENA") and Eberspaecher Exhaust

Systems Canada, Inc. ("EESC") filed this action against Defendant in Oakland County

Circuit Court.  Defendant manufactures and sells steel automotive mufflers.  Plaintiffs

manufacture automotive exhaust system products which they sell to original equipment

manufacturers and other automotive suppliers to incorporate into trucks and

automobiles.  Pls. Complaint at ¶8.  Plaintiffs say they contracted with Defendant to

1

produce three muffler assemblies (under three separate agreements) which they, in turn, supply to DaimlerChrysler for incorporation into DaimlerChrysler vehicles. Plaintiffs allege that Defendant breached their agreements by demanding an increase in the negotiated price of the mufflers and threatening to stop shipment when Plaintiffs refused to pay the increased price. Therefore, Plaintiffs assert two state law claims of breach of contract and they request a declaratory judgment on the rights and obligations of the parties under the contracts.

On November 29, 2006, Oakland County Circuit Court Judge Denise Langford Morris granted Plaintiffs' request for a Preliminary Injunction and required the parties' to maintain the status quo pending an adjudication on the merits. On December 27, 2006, Defendant removed the action to this Court based on diversity jurisdiction. However, in its removal petition, Defendant acknowledged that diversity is lacking on the face of the complaint because both Defendant and EESC are residents of Canada.[1] But, Defendant asserts that EESC's residency does not preclude removal because EESC was fraudulently joined as a party-Plaintiff to destroy diversity. That is, Defendant says EESC does not have a viable claim against it because EESC was not a party to the contracts at issue. Therefore, Defendant argues that EESC's citizenship should be disregarded for removal and jurisdiction purposes.

The Court entered an Order to Show Cause requiring Defendant to provide additional proofs to substantiate its claim. Defendant presents documents which purportedly establish that EESC was not a party to or beneficiary of the contracts at

---

[1]ENA is diverse. It is a Delaware Corporation with its principal place of business in Oakland County, Michigan.

issue.  Plaintiffs dispute Defendant's allegations and ask that the Court remand to state court.

## III.    ARGUMENTS

Plaintiffs allege that the terms of the parties' agreement are set forth in purchase orders called "Scheduling Agreements" and a document entitled "Eberspaecher North America, Inc. Purchase Order Terms and Conditions (North America)" (hereinafter "Terms and Conditions").  *See* Def. Exhs. 2, 3.  Defendant disputes whether the Terms and Conditions were incorporated into their agreements, but argues that it only negotiated and entered into the agreements with ENA.  Defendant contends that several factors support its claim:  1) ENA's Purchasing Manager, Karin Guillou, only referred to ENA in an affidavit (in support of Plaintiffs' Amended Motion for Temporary Restraining Order and Preliminary Injunction) in which she describes the parties' negotiations and business relationship; 2) Defendant's Vice President of Sales and Marketing, Blaine Gignac, negotiated on Defendant's behalf and says in an affidavit that he only dealt with ENA representatives and ENA's Michigan office; he never heard of EESC until he reviewed Plaintiffs' complaint; 3) ENA, not EESC, issues releases to Defendant for the products purchased; 4) only ENA is listed as the payor on checks issued to Defendant; and 5) the Scheduling Agreements were issued and signed by an ENA representative, contains ENA's Michigan address, and do not include any reference to EESC.

Defendant argues that the fraudulent nature of EESC's joinder is apparent because EESC was not a party to any of the contracts at issue and, therefore, it does not have a viable claim (in contract or for declaratory judgment) against Defendant.

3

Also, Defendant contends that there is no basis for EESC to claim that it is a third-party beneficiary of the contracts between Defendant and ENA. If, however, the Court is not inclined to simply disregard EESC's residency, Defendant asserts alternatively that the Court can dismiss EESC from the case, pursuant to FRCP 19 and 21, because it is an unnecessary party.

Plaintiffs insist that they both are parties to the contracts with Defendant. Plaintiffs are subsidiaries of Eberspaecher International Holdings, GmBH, but they acknowledge that they are separate corporate entities. EESC consists of one manufacturing plant in Brampton, Ontario, Canada and, per Plaintiffs, does business and is commonly referred to as "Eberspaecher Brampton." Plaintiffs say EESC incorporates the mufflers purchased from Defendant into complete exhaust systems and supplies them to DaimlerChrysler. ENA acts as the purchasing arm for EESC.

Plaintiffs contend that the fact that EESC is a party to the contracts is evidenced by the fact that "Eberspaecher Brampton" is listed on each Scheduling Agreement as the delivery location. Further, Plaintiffs say they and Defendant each had specific obligations under the contract: Defendant manufactured mufflers per Plaintiffs or DaimlerChrysler's specifications, EESC picked up the parts from Defendant's facility[2] and incorporated them into systems manufactured for DaimlerChrysler, and ENA issued the purchase orders and was responsible for making payments to Defendant.

Plaintiffs say Guillou only referred to them collectively as ENA in her initial affidavit for the sake of simplicity. But, Plaintiffs point out that Guillou also referred to

---

[2]Apparently, the agreements were modified at some point such that EESC picks up the parts from Defendant, rather than having them delivered to EESC.

the "Brampton facility," which Plaintiffs say is another name for EESC.  In support of

Plaintiffs' claims, Guillou executed a second affidavit in which she attests to the alleged

designated obligations of Plaintiff and Defendants under the agreements and says that

ENA and EESC were both parties to the contracts but "were often simply referred to

collectively as Eberspaecher."  Pl Exh. A at ¶¶7, 12.

Defendant disputes Plaintiffs' assertions on several grounds.[3]  Defendant argues

that there was no contract between it and EESC because there was never a meeting of

the minds inasmuch as Defendant was not aware of and did not negotiate with EESC.

Also, Defendant asserts that it is undisputed that:  1) EESC was not a signatory to the

agreements nor is it mentioned in them; 2) only ENA is listed as the "buyer" in the

Terms and Conditions; 3) EESC does not owe any obligation to Defendant under the

contracts (and, therefore, there was no consideration for the alleged agreement

between it and Defendant); and 4) ENA is the only entity bound by the contracts at

issue since ENA made the offers (via the Scheduling Agreements) which Defendant

accepted, and only ENA is obligated to make payments to Defendant per those

agreements.  And, it appears from EESC's Corporation Profile Report[4] that it was not

incorporated in Canada until June 27, 2003, seven months after Defendant entered the

first contract with ENA.  *See* Def. Exh. 1 at ¶10; Exh. 10.

---

[3]Plaintiff asks the Court to strike Defendant's Reply because the Order to Show Cause
did not explicitly permit it.  However, Defendant's Reply responds to arguments asserted by
Plaintiffs which Defendant apparently did not anticipate, and Plaintiffs had an opportunity to
fully respond in a Surreply.  Therefore, the Court should exercise its discretion to accept the
additional brief.

[4]Issued by the Province of Ontario Ministry of Consumer and Business Services.

Defendant further argues that Plaintiffs failed to cite authority that designating EESC's location as the place for delivery was sufficient to make it a party to the contracts. Moreover, Defendant contends that Plaintiffs' claim is undermined because ENA reserved the right in the Terms and Conditions to change the place of delivery at any time, and, in fact, the delivery location was changed to require pick up from Defendant's site. *See* Pl. Exh. B at ¶2(a).

Defendant next argues that Plaintiffs failed to present documentation in support of its claim that "Eberspaecher Brampton" is a d/b/a for EESC. In fact, Defendant attaches ENA's Corporation Profile Report which shows that its principal office in Ontario is in Brampton. *See* Def. Exh. 9. EESC's Corporation Profile Report, however, only shows that its head office is in New Brunswick, Canada; it does not show a principal place of business in Ontario. *See* Def. Exh. 10. Additionally, Defendant attaches the Westlaw Business Finder Record which shows that a Brampton delivery address which appears on two (out of three) scheduling agreements[5] belongs to ENA, not EESC. *See* Def. Exh. 11.

Defendant's last assertion is that Guillou's second affidavit is self-serving and contradicts the first affidavit. Defendant asserts that a party may not create a question of fact by contradicting its own previous sworn statement.

Plaintiffs deny any conflict between Guillou's affidavits. Further, Plaintiffs say Defendant is unable to dispute their corporate structure, that the mufflers are incorporated into the final product at the "Eberspaecher Brampton" location which is

---

[5]70 Driver Road, Unt. #4, Brampton, On L6T 5V2.

operated by EESC, or that "Eberspaecher Brampton" is listed on every purchase order. Plaintiffs argue that Defendant also cannot dispute that EESC does business as "Eberspaecher Brampton."  Per Plaintiffs, it is EESC's "business custom" to refer to itself by that designation "in the ordinary course of business."  Pl. Surreply br. at p. 3.

With respect to Defendant's documentation which suggests that EESC does not have a registered address in Ontario, Plaintiffs say Defendant's documents only show that ENA has a presence in Brampton, Ontario and EESC has a registered office in New Brunswick.  Plaintiffs argue that the documents do not refute their claim that EESC has a manufacturing plant in Brampton, Ontario.  And, Plaintiffs attach an internet printout from "Manta" which lists EESC with the same Brampton address which appears on one of the three Scheduling Agreements[6] (a different address than the one which appears in the Westlaw Business Finder Record for ENA in Brampton).[7]  *See* Pl. Reply Exh. B; Pl. Surreply Exh. A.

## IV.    ANALYSIS

When an action is removed based on diversity, there must be complete diversity at the time of removal.  *See* 28 U.S.C. §1441(b); *Coyne v American Tobacco Co.,* 183 F.3d 488, 492 (6th Cir.  1999).  That is, "[d]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the

---

[6]2600 North Park Drive, Brampton, On L6S 6E2.

[7]Manta is a search engine, www.manta.com, which provides free profiles for businesses throughout the world.  Notably, however, Manta appears to permit a registered user to add information about companies listed.  It is not clear if there is a limit to the type of information which can be added.  But, registration is free and users who add information are only bound by an honor system to include accurate information.

other side of the litigation." *SHR Ltd. Partnership v Braun*, 888 F.2d 455, 456 (6th Cir. 1989). A lack of diversity will not bar removal, however, if a defendant can demonstrate that the plaintiff fraudulently joined the nondiverse party. *Jerome-Duncan, Inc. v Auto-By-Tel, L.L.C.,* 176 F.3d 904 (6th Cir. 1999).

The burden to establish federal jurisdiction lies with the removing party. *Alexander v Electronic Data Systems Corp.,* 13 F.3d 940 948-949 (6th Cir. 1994). Consequently, "the removing party bears the burden of demonstrating fraudulent joinder." Id at 949. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne,* 183 F.3d at 493. Stated otherwise, the question is whether there is any "reasonable basis for predicting that [the plaintiff] could prevail[,]" *Alexander,* 13 F.3d at 949 (quoting *Teddler v F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979)), or whether the plaintiff has at least a colorable cause of action against the nondiverse defendant. *Jerome-Duncan,* 176 F.3d at 907. All disputed questions of fact and ambiguities in the controlling state law must be resolved in favor of the non-removing party. *Alexander*, 13 F.3d at 949; *Coyne,* 183 F.3d at 493. And, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne,* 183 F.3d at 493.

As a preliminary matter, Plaintiffs contend that the fraudulent joinder doctrine only applies to joinder of nondiverse *defendants* and, therefore, it cannot apply in this case. While the doctrine is typically invoked by defendant's alleging that a co-defendant was fraudulently added to destroy diversity, *See Jerome-Duncan, Inc. v Auto-By-Tel, L.L.C., supra; Alexander v Electronic Data Systems Corp.*, *supra*, it appears that the

Sixth Circuit has not addressed whether the doctrine applies when it is claimed that a plaintiff was added for the same purpose. However, district courts which have addressed the issue hold that the doctrine applies equally to fraudulently joined plaintiffs. *See Miller v Giesecke & Devrient America, Inc.*, 2007 W.L. 518557, *2 (N.D. Tex. 2007); *Grennell v Western Southern Life Ins. Co.*, 298 F.Supp.2d 390, 395-396 (S.D. W.Va. 2004); *Miller v Home Depot, U.S.A., Inc.*, 199 F.Supp.2d 502, 508 (W.D. La. 2001); *Lerma v Univision Communications, Inc.*, 52 F.Supp.2d 1011, 1014 (E.D. Wis. 1999). In *Grennell*, the Court reasoned that there is no apparent reason to preclude a defendant from invoking the doctrine against a plaintiff: "No federal court has determined that the fraudulent joinder doctrine is not as applicable to plaintiffs as it is to defendants. The Court can see no logic in prohibiting plaintiffs from defeating diversity jurisdiction by fraudulently joining nondiverse defendants, but allowing them to do so through fraudulently joining nondiverse plaintiffs." 298 F.Supp.2d at 396. This Court agrees; a defendant may rely upon the fraudulent joinder doctrine to challenge joinder of nondiverse plaintiffs.

Turning to the merits, the Court finds that Defendant established that EESC was fraudulently joined. There is no evidence that EESC was party to the contracts between ENA and Defendant either at their inception or a later date. Although ENA and EESC are subsidiaries of the same parent company, they are separate corporate entities. None of the contracts Plaintiffs base their claims on even references EESC by its formal name or states the capacity in which EESC is to perform under the contracts. The "Terms and Conditions" document which purports to lay out the parameters of the parties agreements only refers to ENA in the title and only lists ENA as the "buyer"

referenced throughout the document. Additionally: 1) there is no evidence that EESC participated in any negotiations or that Defendant was aware of EESC or the role it was to play; 2) the Scheduling Agreements were issued and signed by an ENA representative; and 3) only ENA is listed as the payor on checks issued to Defendant.

The fact that "Eberspaecher Brampton" is listed in each Scheduling Agreement lacks significance for several reasons: 1) it is only listed as the place for delivery; however, the Terms and Conditions indicate that the place for delivery is subject to change and, in fact, it was changed to provide for pick up from Defendant; 2) there is no evidence Defendant knew or should have known that EESC goes by the moniker "Eberspaecher Brampton" in the regular course of its business; 3) the Terms and Conditions do not make reference to "Eberspaecher Brampton;" and 4) Plaintiffs do not dispute that EESC's address is only listed as the delivery address in one of the three Scheduling Agreements they present; the last two list ENA's Ontario address.

In short, Plaintiffs failed to establish that EESC has a viable cause of action against Defendant for breach of contract.[8] Therefore, the Court disregards EESC's residency for purposes of removal and jurisdiction. Plaintiffs' request for remand is **DENIED**.

**IT IS ORDERED.**

                 /s/ Victoria A. Roberts
                 Victoria A. Roberts
                 United States District Judge

Dated: August 15, 2007

---

[8]Defendant also argues that EESC is not a third-party beneficiary of the contract. Plaintiffs do not make any argument to the contrary. Therefore, it is presumed that Plaintiffs do not claim that EESC is a proper party on that basis.

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic filing and hand delivery on August 15, 2007.

s/Linda Vertriest
Deputy Clerk